IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BOBBY DWAYNE WILLIAMS                                                                  PLAINTIFF

v.                        Civil No. 6:13-CV-06021

OFFICER BROWN; DEPUTY COLLINS;
MR. DELANCY; and MS. RADFORD                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff Bobby Williams pursuant to 42 U.S.C. § 1983. Plaintiff is not currently incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (ECF No. 1); and the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.     BACKGROUND**

At the time he filed his Complaint, Plaintiff was incarcerated in the Arkansas Department of Corrections Omega TVP Center ("ADC") in Malvern, Arkansas. Plaintiff has since been released from the ADC. In his Complaint, Plaintiff complains that he was forced to go outside, without a jacket, in twenty-seven degree temperatures, for thirty minutes. Plaintiff also alleges that Mr. Delancy laughed at him "before it was called." ECF No. 2, p. 4.

1

Plaintiff subsequently filed two Supplements to his Complaint that provide some clarification on his claims. In his first Supplement, Plaintiff explains that he was forced to go outside for a fire drill on February 25, 2013. Plaintiff alleges it was thirty-four degrees outside, he did not have a jacket, and he was forced to stay outside for twenty-five minutes during this fire drill. Plaintiff also states in this Supplement that he attempted to file a grievance over the February 25, 2013 fire drill but was informed it was not the type of matter he could lodge a grievance about. ECF No. 12, p. 1. On February 28, 2013, a second fire drill was called. On this day, Plaintiff was forced to go outside without his jacket in thirty-two degree temperature. Plaintiff did not specify the duration of the second fire drill. ECF No. 8, p. 2.

## II.   LEGAL STANDARD

In reviewing Plaintiff's IFP Motion, there is a two step process followed by the Court: (1) determine whether Plaintiff's economic status satisfies section 1915(a) requirements and, if it does, grant the Motion; unless (2) the Court determines the cause of action stated in Plaintiff's Complaint is frivolous or malicious. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). If the causes of action stated in the Complaint are frivolous or malicious, the Complaint must be dismissed. *Id.* Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity

2

secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III.     DISCUSSION

In his IFP Motion, Plaintiff states he does not receive any funds. The records from the ADC indicate his monthly balance averages is zero. ECF No. 1. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status. The Court, however, will not grant Plaintiff's IFP Motions because Plaintiff's claims are frivolous and fail to state claims upon which relief may be granted.

First, Plaintiff's claims regarding the two fire drills do not rise to the level of an Eighth Amendment violation. The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

A convicted prisoner, such as Plaintiff, alleging an Eighth Amendment violation must prove both an objective and subjective element to his claim. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state

3

of mind evincing deliberate indifference to the health or safety of the prisoner" *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels*, 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

In this case, Plaintiff's claim is premised on two occasions when he was forced to remain outside in cold weather, without a jacket, for the purpose of fire drills. The Eighth Circuit deems adequate clothing as "a basic necessity of human existence" which a prison official may not withhold from inmates. *Maxwell v. Mason,* 668 F.2d 361, 365 (8th Cir. 1981). However, in determining whether cold temperatures constitute an Eighth Amendment violation the Court must consider "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Campbell v. Clinton*, Civil No. 07-0021, 2009 WL 5030787, at *5 (E.D. Mo. Dec. 14, 2009) (quoting *Flores v. O'Donnell*, 36 Fed. Appx. 2004, 206-7 (7th Cir. 2002). Plaintiff stated that one fire drill lasted twenty-five minutes and did not give the duration of the second fire drill. Plaintiff does not allege any other uncomfortable conditions, and Plaintiff was dressed in his jumpsuit while outside. Further, Plaintiff did not allege any facts indicating the Defendants were deliberately indifferent to his health and safety while conducting the fire drills. The Court finds Plaintiff's short exposure to the cold temperatures for the purpose of two fire drills does not rise to the level of an Eighth Amendment violation.

Plaintiff also seems to claim Delany laughing at him violated his constitutional rights.

4

Taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983). Therefore, Plaintiff's claim against Delany fails to state a cognizable claim under section 1983.

Additionally, Plaintiff does not have an independent constitutional right to a grievance procedure. *See Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (quoting *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993)). A jails failure to process an inmate's grievances, without more, is not actionable under Section 1983. *Buckley,* 997 F.2d at 495. Therefore, Plaintiff has failed to state a cognizable claim under Section 1983 regarding Radford's failure to receive his grievances.

## IV.   CONCLUSION

Accordingly, I recommend that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be **DENIED** and the Complaint (ECF No. 2) be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **25th day of May 2013.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE